IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | April B. Zipperer | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |
| Case number (If known) | 22-40752-EJC | | |

☑ Check if this is an amended plan.

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

   (a) This plan:  ☑ contains nonstandard provisions. See paragraph 15 below.
   ☐ does not contain nonstandard provisions.

   (b) This plan:  ☐ values the claim(s) that secures collateral. See paragraph 4(f) below.
   ☑ does not value claim(s) that secures collateral.

   (c) This plan:  ☐ seeks to avoid a lien or security interest. See paragraph 8 below.
   ☑ does not seek to avoid a lien or security interest.

2. Plan Payments.

   (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $200.00 for the applicable commitment period of:

   ☑ 60 months; or

   ☐ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

   (If applicable include the following: These plan payments will change to $ __595.00__ monthly on **November 11, 2024**.)

   (b) The payments under paragraph 2(a) shall be paid:

   ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

   ☐ Debtor 1 ____ %  ☐ Debtor 2 ____ %

   ☑ Direct to the Trustee for the following reason(s):
   ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
   ☑ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
   DUE TO SMALL BUSINESS

   (c) Additional Payments of $0.00 (estimated amount) will be made on ____, ____ (anticipated date) from (source, including income tax refunds).

3. Long-Term Debt Payments.

   (a) Maintenance of Current Installment Payments. The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

| Debtor | April B. Zipperer | | Case number | | |

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POST PETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| Georgia Heritage Fed CU | 2019 GMC YUKON SLT 75,000 miles | No | Debtor | NOVEMBER 2022 | $913.00 |
| Stockton Mortgage | 190 OAKVIEW RD Rincon, GA 31326 | Yes | Debtor | NOVEMBER 2022 | $1,491.00 |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| -NONE- | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:
   (a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4,500.00**.

   (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

   (e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

   (f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

   (g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

   ☐ with interest at ____% per annum; or ☐ without interest:
   None

   (h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00**% dividend or a pro rata share of $**100.00**, whichever is greater.

GASB - Form 113 December 1, 2017

Debtor **April B. Zipperer**      Case number _____

5. **Executory Contracts.**
   (a) Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| -NONE- | | | | |

   (b) Treatment of Arrearages. Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☐ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| -NONE- | |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -NONE- | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| -NONE- | | |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| -NONE- | | |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

GASB - Form 113 December 1, 2017

Debtor    __April B. Zipperer__                              Case number

15.    Nonstandard Provisions. Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

THE DEBTOR(S) AGREE TO INCREASE PLAN PAYMENT, IF NECESSARY, TO COMPLY WITH 11 U.S.C. 1325 AND 1328. ANY FEES, EXPENSES AND CHARGES ASSERTED UNDER FED. R. BANKR. P. 3002(c) ARE NOT TO BE FUNDED THROUGH THE CHAPTER 13 PLAN. DEBTOR(S) WILL PAY THESE POST-PETITION EXPENSES DIRECTLY TO THEIR MORTGAGE HOLDER/SERVICER UNLESS THE COURT HAS DISALLOWED THEM ON A MOTION FILED UNDER FED. R. BANKR. P. 3002(e).

---

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

Dated:  __December 1, 2022__                  /s/ April B. Zipperer
                                                April B. Zipperer
                                                          *Debtor 1*

                                                          *Debtor 2*

                                            /s/ BARBARA B. BRAZIEL
                                            BARBARA B. BRAZIEL
                                                    *Attorney for the Debtor(s)*

## United States Bankruptcy Court
### Southern District of Georgia

In re  April B. Zipperer                                          Case No.  22-40752
                              Debtor(s)                           Chapter   13

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2022, a copy of Amended Chapter 13 Plan & Motion was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

O. BYRON MEREDITH III
CHAPTER 13 TRUSTEE
P.O. BOX 10556
SAVANNAH, GA 31412

/s/ BARBARA B. BRAZIEL
BARBARA B. BRAZIEL
BARBARA B. BRAZIEL
130 CANAL STREET
#602
Pooler, GA 31322
912-351-9000 Fax:912-692-0768
ecf@braziellaw.com

```
Label Matrix for local noticing          Bank of America                          Bank of America, N.A.
113J-4                                   Attn: Bankruptcy                         PO Box 673033
Case 22-40752-EJC                        4909 Savarese Circle                     Dallas, TX 75267-3033
Southern District of Georgia             Tampa FL 33634-2413
Savannah
Thu Dec  1 12:14:21 EST 2022

Barclays Bank/gap                        Barbara B. Braziel                       (p)JPMORGAN CHASE BANK  N A
P.o. Box 8803                            Barbara B Braziel                        BANKRUPTCY MAIL INTAKE TEAM
Wilmington DE 19899-8803                 130 Canal Street                         700 KANSAS LANE FLOOR 01
                                         #602                                     MONROE LA 71203-4774
                                         Pooler, GA 31322-4087


Citibank/Best Buy                        DERRICK N. ZIPPERER                      Discover Bank
Citicorp Credit Srvs/Centralized Bk dept 190 OAKVIEW RD                           Discover Products Inc
Po Box 790034                            Rincon GA 31326-3228                     PO Box 3025
St Louis MO 63179-0034                                                            New Albany, OH  43054-3025


Discover Financial                       Georgia Heritage Fed C                   Georgia Heritage Federal Credit Union
Attn: Bankruptcy                         Po Box 1920                              102 Park Ave
Po Box 3025                              Savannah GA 31402-1920                   Pooler, GA 31322-2183
New Albany OH 43054-3025


JPMorgan Chase Bank, N.A.                LVNV Funding, LLC                        O. Byron Meredith, III
s/b/m/t Chase Bank USA, N.A.             Resurgent Capital Services               P O Box 10556
c/o National Bankruptcy Services, LLC    PO Box 10587                             Savannah, GA 31412-0756
P.O. Box 9013                            Greenville, SC 29603-0587
Addison, Texas 75001-9013


(p)MCCALLA RAYMER LEIBERT PIERCE  LLC    Office of the U. S. Trustee              STOCKTON MORTGAGE
ATTN ATTN WENDY REISS                    33 Bull Street, Suite 400                ATTN: BANKRUPTCY DEPT
1544 OLD ALABAMA ROAD                    Savannah, GA 31401-3331                  P.O. BOX 100077
ROSWELL GA 30076-2102                                                             Duluth GA 30096-9377


Syncb/Care Credit                        Synchrony Bank                           Synchrony Bank
Attn: Bankruptcy                         c/o PRA Receivables Management, LLC      Attn: Bankruptcy
Po Box 965060                            PO Box 41021                             Po Box 965060
Orlando FL 32896-5060                    Norfolk, VA 23541-1021                   Orlando FL 32896-5060


Synchrony Bank c/o PRA Receivables Managemen   Synchrony Bank/Lowes               April B. Zipperer
PO Box 41021                             Attn:  Bankruptcy                        190 Oakview Rd
Norfolk, VA 23541-1021                   Po Box 965060                            Rincon, GA 31326-3228
                                         Orlando FL 32896-5060
```

             The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
             by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Chase Card Services                      Ciro A. Mestres
Attn: Bankruptcy                         McCalla Raymer Leibert Pierce, LLC
P.O. 15298                               1544 Old Alabama Rd
Wilmington DE 19850                      Roswell, GA 30076
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Stockton Mortgage Corporation

End of Label Matrix
Mailable recipients    23
Bypassed recipients     1
Total                  24